IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-03547-PAB-KAS

RICK HAND,
DEVIN GIRTIN,
ALLISON WILMOT,
RICHARD T. CODOPONY, and
STEPHEN KYLE VOSS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

SM ENERGY COMPANY,

Defendant.

---

**ORDER**

---

This matter is before the Court on Plaintiffs' Unopposed Motion to Consolidate Cases and Appoint Interim Co-Lead Class Counsel [Docket No. 12], filed by plaintiffs Rick Hand, Devin Girtin, Allison Wilmot, Richard Codopony, and Stephen Kyle Voss (together, "Plaintiffs"). At the time the motion was filed, Girtin, Wilmot, Codopony, and Voss were plaintiffs in other cases against defendant SM Energy (together, the "Related Actions").[1] Plaintiffs move to consolidate the present case with the Related Actions and move for the appointment of Interim Co-Lead Class Counsel. *See* Docket No. 12 at 2. Defendant does not oppose consolidation and takes no position on the appointment of Interim Co-Lead Class Counsel. *Id.* at 1. Since the motion was filed, the Related

[1] *See Girtin v. SM Energy Co.*, No. 26-cv-03563 (D. Colo.); *Wilmot v. SM Energy Co.*, No. 26-cv-03596 (D. Colo.); *Codopony v. SM Energy Co.*, No. 26-cv-03604 (D. Colo.); *Voss v. SM Energy Co.*, No. 26-cv-03616 (D. Colo.).

Actions have been voluntarily dismissed, *see Girtin v. SM Energy Co.*, No. 26-cv-03563 (D. Colo.), Docket No. 14; *Wilmot v. SM Energy Co.*, No. 26-cv-03596 (D. Colo.), Docket No. 8; *Codopony v. SM Energy Co.*, No. 26-cv-03604 (D. Colo.), Docket No. 9; *Voss v. SM Energy Co.*, No. 26-cv-03616 (D. Colo.). Docket No. 11. Plaintiff Hand amended the complaint in this case to add the plaintiffs in the Related Actions as named plaintiffs. *See* Docket No. 17.

**A. Motion to Consolidate**

Rule 42 of the Federal Rules of Civil Procedure permits consolidation when cases "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2381, at 427 (2d ed. 1995)). Therefore, the Court considers both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a). *See Harris v. Ill.-Cal. Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

Each of Plaintiffs' claims arises out of an alleged data breach on defendant's computer network that occurred on or around May 15, 2026 and that exposed Plaintiffs' personally identifiable information. Docket No. 12 at 2-3. Generally, suits related to a specific data breach are viable candidates for consolidation. *See, e.g.*, *Carey v. Clarity*

*Telecom, LLC*, No. 26-cv-02251-PAB-SBP, 2026 WL 3308254 (D. Colo. Nov. 2, 2026); *Spiers v. Clinic Serv. Corp.*, No. 26-cv-00459-PAB-KAS, 2026 WL 1255969 (D. Colo. May 7, 2026). Rule 42 applies, however, only to "actions before the court." Fed. R. Civ. P. 42(a). Since plaintiffs filed the instant motion, the respective plaintiff in each of the Related Actions has voluntarily dismissed the case without prejudice. *See* pp. 1-2, *supra*. "[B]ecause th[o]se cases have been dismissed and closed, they are not pending" and "cannot be consolidated." *Evans v. Cal. Dep't of Corr. & Rehab.*, 2018 WL 2229266, at *1 (E.D. Cal. May 16, 2018); *see also Singletary v. Nationstar Mortg., LLC*, 2016 WL 1089419, at *2 n.3 (D. Md. Mar. 21, 2016) ("The Court cannot consolidate . . . case[s] with one[s] that ha[ve] been closed."). Even if the Court could consolidate the actions, *see Payne v. Tri-State Careflight, LLC*, 327 F.R.D. 433, 450 (D.N.M. 2018) ("[A] case being closed is not an absolute barrier to consolidation."), the amended complaint effected the same outcome. Accordingly, the Court will treat plaintiffs' motion to consolidate as moot.[2]

**B. Appointment of Co-Lead Counsel**

Plaintiffs in this case, pursuant to Federal Rule of Civil Procedure 23, purport to represent a class "of all persons who entrusted Defendant with sensitive Personally Identifiable Information . . . that was impacted in a data breach that Defendant experienced on or around May 15, 2026." Docket No. 17 at 1, 28, ¶¶ 1, 136. Plaintiffs move to appoint Gary Klinger of Milberg, PLLC, A. Brooke Murphy of Murphy Law Firm,

[2] Because the Court is denying the motion to consolidate, it also denies plaintiffs' "request" that the consolidated action bear the title "*In re SM Energy Data Incident Litig.*" *See* Docket No. 12 at 6.

and William B. Federman of Federman & Sherwood as Interim Co-Lead Class Counsel. *See* Docket No. 12 at 6-18.

Pursuant to Federal Rule of Civil Procedure 23(g)(3), the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *Doe v. Conceptions Reprod. Assocs., Inc.*, No. 25-cv-00009-NYW-CYC, 2025 WL 1617189, at *2 (D. Colo. May 6, 2025) (citation omitted). The Rule 23(g)(1)(A) factors are:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

The Court finds that appointing Mr. Klinger, Ms. Murphy, and Mr. Federman as Interim Co-Lead Class Counsel will best serve the interests of the potential class at this stage of the case. Each has extensive experience litigating both class action and data privacy cases and is supported by the experience and resources of their firms, which likewise have significant experience with data breach litigation. *See* Docket No. 12 at 8-16. The motion also represents that the proposed Interim Co-Lead Class Counsel have already "committed appropriate time and resources . . . toward the advancement of the litigation" and "will continue to expend the time and resources necessary to advocate for Plaintiffs and the Class." *Id.* at 8.

Accordingly, the Court will appoint Mr. Klinger, Ms. Murphy, and Mr. Federman as Interim Co-Lead Class Counsel.

For the foregoing reasons, it is

**ORDERED** that the Unopposed Motion to Consolidate Cases and Appoint Interim Co-Lead Class Counsel [Docket No. 12] is **GRANTED in part**. It is further

**ORDERED** that the part of Plaintiffs' Unopposed Motion to Consolidate Cases and Appoint Interim Co-Lead Class Counsel requesting the Court to consolidate cases is **DENIED as moot**. It is further

**ORDERED** that the part of Plaintiffs' Unopposed Motion to Consolidate Cases and Appoint Interim Co-Lead Class Counsel requesting the Court to appoint Gary Klinger, A. Brooke Murphy, and William B. Federman as Interim Co-Lead Class Counsel is **GRANTED**.

DATED November 19, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge